POWELL et al. v. ALLEN.

(Supreme Court, Appellate Term. July 26, 1899.)

SALE—ACTION FOR PRICE—EVIDENCE.

Plaintiff having, without objection, testified to furnishing defendant, at certain times, on his order, various articles of clothing, at stated agreed prices, and that only a certain amount had been paid thereon, a balance of $180 thus being left, and having stated that he could recall the items, sales, and prices by reference to his books, and none of this testimony being objected to or disputed by defendant, except that he claimed that he never ordered the last suit, price of which was $45, judgment dismissing the complaint will be reversed.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Alphonse Powell and another, surviving members of the firm of Al. Powell & Co., against James F. Allen. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

La Fetra & Glaze, for appellants.

FREEDMAN, P. J. This action was brought to recover a balance of account claimed to be due the plaintiffs for making, cleaning, and repairing certain wearing apparel for and at the request of the defendant. One of the plaintiffs, viz. Powell, was called as a witness on behalf of the plaintiffs, and, after he had given considerable testimony tending to sustain plaintiffs' cause of action, and had been cross-examined by the defendant's counsel, the plaintiffs' counsel sought to elicit further testimony upon redirect examination, when the trial judge said:

"The court rules that the plaintiffs have made out a prima facie case, and that further examination of the witness is unnecessary."

To this plaintiffs' attorney excepted. The plaintiffs did not rest their case, but the defendant was then called, and testified in his own behalf. After the defendant had been examined in chief and cross-examined, the plaintiffs' attorney asked leave of the court to recall the plaintiff Powell for the purpose of rebutting the testimony given by the defendant. The court refused this request, and the plaintiffs took an exception thereto. The testimony was then closed, and, after reserving his decision for several days, the trial judge dismissed the complaint.

Prior to the examination of the defendant, the plaintiff had testified that on October 6, 1892, the defendant gave the plaintiffs an order for two suits of clothes, one pair of trousers, and an overcoat, at an agreed price of $55, $60, $14, and $68, respectively; that these goods were shipped to the defendant; that again on May 10, 1893, the defendant ordered a suit of clothes at $50, and a pair of riding trousers and leggings at $18, and on December 20, 1893, a suit at $45, and on October 12, 1894, a vest, overcoat, and topcoat at $55, and a suit of clothes at $45. These several items aggregated the sum of $410, upon which the defendant had paid the sum of $230.35. This testimony was given without objection by defendant's attorney. The plaintiff Powell also testified as to some cleaning and repairing of clothes for the defendant. In giving his testimony as to the cleaning and repairing, the said plaintiff referred to his book of account, and, after making such reference, stated that he recollected doing the work. Upon his cross-examination he was asked if he would swear that he remembered every one of the orders for repairs without referring to his books, and he replied that "he recalled them if he referred to his books." The trial judge, in his opinion deciding the case, says that "the plaintiff had no recollection aside from his books"; but the record shows that the plaintiff stated, several times, that he could recall the items, and the sales and prices, by reference to the books, and, as before stated, this testimony regarding the sale, delivery, and agreed price of the articles was given without objection. None of this testimony was disputed by the defendant, except that regarding the last suit of clothes, claimed by the plaintiffs to have been ordered by the defendant on October 12, 1894. As to this suit the defendant claimed that he never ordered it, was never measured for it, and that he notified the plaintiffs that he would not pay for it, although he admitted that it had been delivered to him, that he had worn it once or twice, and that subsequently he gave it to the man who had charge of his horses.

In view of this testimony, and from all the facts and circumstances in the case, the plaintiffs appear to have made out a cause of action against the defendant by uncontradicted testimony, which was received without objection. For this reason, and for the reason that the court below erred in refusing to allow the plaintiffs to introduce rebutting testimony as to the statements made by the defendant regarding the suit of clothes testified to by him, the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.